UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CROSSROADS PROTEIN, INC.　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　: Case No. 22-cv-4035
　　　　　　　　　　　　　Plaintiff,　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　-against-　　　　　　　　　　　　　　: **COMPLAINT**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
HAL AND AL MEATS AND PROVISIONS, INC.,　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　Defendant.　　　　　　　:
-------------------------------------------------------------X

　　　　Plaintiff Crossroads Protein, Inc. ("Crossroads"), by and through its undersigned counsel, states for the claims of Crossroads against Hal and Al Meats and Provisions, Inc. ("Hal & Al" or "Defendant") as follow:

## THE PARTIES

　　　　1.　　Crossroads is a corporation organized and existing under the laws of the State of Missouri, with its principal place of business located in St. Louis County, Missouri. Crossroads is a wholesale seller of meat and other food products.

　　　　2.　　Upon information and belief, Hal & Al is a corporation organized and existing under the laws of the State of New York, with its principal place of business in Hauppauge, New York.

## JURISDICTION AND VENUE

　　　　3.　　This Court has subject matter jurisdiction under 28 U.S.C. §1332(a) because (i) there is complete diversity of citizenship between the parties and (ii) the amount in controversy excessed $75,000.00.

4. Venue is proper in this District and before this Court pursuant to 28 U.S.C. § 1391 (b) (1) because Defendant resides in this District and pursuant to 28 U.S.C. §1391(b) (2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

5. This Court has personal jurisdiction over Defendant because Defendant is a citizen of the State of New York residing in this District.

## NATURE OF ACTION

6. This is a straightforward action arising from the failure of Hal & Al to pay for chicken and other prepared meats that Crossroads sold and delivered to Hal & Al for which Hal & Al undeniably owe to Crossroads the principal sum of approximately $200,000.00.

## BACKGROUND

7. Between approximately July 2021 and February 2022, at the special instance and request of Hal & Al, Crossroads sold and delivered to Hal and Al purchased chicken and other prepared meats (the "Meats"), which were sent to Hal & Al at its location in Hauppauge, New York.

8. Hal & Al agreed to pay Crossroads on a "net 10 basis," meaning payment was due within 10 days of its receipt of an invoice from Crossroads for a shipment of the Meats.

9. After Hal & Al placed its respective orders, Crossroads delivered the Meats to Hal & Al at the location requested by Hal & Al, and Crossroads contemporaneously billed Hal & Al for the applicable order.

10. Hal & Al received, retained and accepted the Meats without objection.

11. Crossroads rendered monthly statements ("Statements") and invoices (the "Invoices") to Hal & Al for the sale and delivery of the Meats, which statements and invoices were accepted without timely objection.

12. The total principal amount that Hal & Al agreed to pay for the Meats is $198,648.08 (the "Principal Indebtedness"), all of which remains due and owing and is past due. A copy of a current statement of account reflecting the Principal Indebtedness and as to which Hal & Al did not object is attached hereto as Exhibit A.

13. Notwithstanding the demand of Crossroads for payment, Hal & Al has inexplicably failed and refused to pay the Principal Indebtedness.

14. Crossroads has fulfilled all of its obligations under its agreement with Hal & Al.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

15. Crossroads repeats and realleges the allegations contained in paragraphs 1 through 14 above as if fully set forth herein at length.

16. By reason of the foregoing, as a result of the breach by of Hal & Al of its agreement with Crossroads promptly to pay for the Meats, Crossroads is entitled to a judgment against Hal & Al in the principal amount of $198,648.08, together with interest accrued and accruing thereon and the costs and expenses of this action, together with such other and furth relief as the Court may deem appropriate.

## SECOND CLAIM FOR RELIEF

### (Account Stated)

17. Crossroads repeats and realleges the allegations contained in paragraphs 1 through 16 above as if fully set forth herein at length.

18. Crossroads provided to Hal & Al and Hal & Al received from Crossroads the Statements and the Invoices for the purchases of the Meats, which reflected the Principal Indebtedness.

19. Hal & Al did not render any timely objection to the Statements or Invoices reflecting the Principal Indebtedness, including but not limited to the Statement attached hereto as Exhibit A.

20. By reason of the foregoing, there is an account stated between Crossroads and Hal & Al in respect of the Statements and the Invoices and Crossroads is entitled to a judgment against Hal & Al in the principal amount of $198,648.08, together with interest accrued and accruing thereon and the costs and expenses of this action., together with such other and furth relief as the Court may deem appropriate.

## THIRD CLAIM FOR RELIEF

### (Quantum Meruit)

21. Crossroads repeats and re-alleges the allegations contained in paragraphs 1 through 14 above is if fully set forth herein at length.

22. Crossroads supplied the Meats to Hal & Al at the specific request of Hal & Al, which Hal & Al accepted without objection.

4

23. The reasonable value of the Meats for which Hal & Al has failed to pay Crossroads is at least $198,648.08,

24. Hal & Al understood at the time of ordering the Meat that it was expected to pay for the Meats it ordered from Crossroads.

25. Crossroads provided Hal & Al with the Meats that Hal & Al ordered, and Crossroads fulfilled all of its obligations to Hal & Al.

26. By reason of the foregoing Crossroad has been damaged and is entitled to recover from Hal & Al the principal amount of at least $198,648.08, together with interest accrued and accruing thereon.

## FOURTH CLAIM FOR RELIEF

### (Unjust Enrichment)

27. Crossroads repeats and re-alleges the allegations contained in paragraphs 1 through 14 above is if fully set forth herein at length.

28. Crossroads supplied the Meats in good faith and at the specific request of Hal & Al and with the reasonable expectation of being compensated for the Meats for the amounts referenced in the Statements and the Invoices.

29. Hal & Al understood at the time of ordering the Meats that it was expected to pay for the Meats it ordered.

30. Hal & Al benefitted from the Meats and consequently, Hal & Al has been unjustly enriched.

31. Crossroads provided Hal & Al with the Meats that Hal & Al ordered, and Crossroads fulfilled all of its obligations to Hal & Al.

32. By reason of the foregoing Crossroad has been damaged and is entitled to recover from Hal & Al the principal amount of at least $198,648.08, together with interest accrued and accruing thereon.

**WHEREFORE**, Plaintiff Crossroads Protein, Inc. demands judgment against Hal & Al Meats and Provisions, Inc. as follows:

(a) Upon the First Claim for Relief in the principal amount of $198,648.08, together with interest accrued and accruing thereon;

(b) Upon the Second Claim for Relief in the principal amount of $198,648.08, together with interest accrued and accruing thereon;

(c) Upon the Third Claim for Relief in the principal amount of $198,648.08, together with interest accrued and accruing thereon;

(d) Upon the Fourth Claim for Relief in the principal amount of $198,648.08, together with interest accrued and accruing thereon; and

(e) Upon all claims for relief, granting to Crossroads such other and further relief as the Court deems just and proper.

Dated: New York, New York
July 8, 2022

TODD & LEVI, LLP

By: _____
Jill Levi
Attorneys for Plaintiff
444 Madison Avenue, Suite 1202
New York, New York 10022
(212) 308-7400